UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE CUTTINO JR.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>WALMART WESTERN UNION,<br><br>　　　　　　　　Defendant. | Case No. 23-cv-1111-BAS-JLB<br><br>**ORDER:**<br><br>1. **GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 3);**<br><br>2. **SCREENING PURSUANT TO 28 U.S.C. § 1915(E); AND**<br><br>3. **DENYING AS MOOT MOTION TO APPOINT COUNSEL (ECF No. 2)** |

　　　　Plaintiff Maurice Cuttino Jr., proceeding pro se, files this action against Defendant Walmart Western Union. The Complaint alleges violations of the Privacy Act of 1974, "First Amendment defamation," slander, "seditious libel," and fraud. (Compl. 2–4, ECF No. 1.) Plaintiff also files an application seeking leave to proceed without prepaying fees or costs, also known as proceeding in forma pauperis ("IFP"), (IFP Mot., ECF No. 3) and a motion to appoint counsel (ECF No. 2). For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed IFP (ECF No. 3), **DISMISSES** Plaintiff's

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENIES AS MOOT** Plaintiff's motion to appoint counsel (ECF No. 2).

**I.     APPLICATION FOR LEAVE TO PROCEED IFP**

Under 28 U.S.C. § 1915, an indigent litigant who is unable to pay the fees required to commence a legal action may petition a court to proceed without making such prepayment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g., Olivares v. Marshall*, 59 F.3d 109, 111–12 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that he meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff has no income other than social security payments for disability totaling $1,133 and child support totaling $37.50 per month. (IFP Mot. ¶ 1.) He lists monthly expenses totaling $957.30. (*Id.* ¶¶ 1, 8.) He does not own an automobile, real estate, or any other significant asset, and his savings consists of $93.04 in cash. (*Id.* ¶¶ 4, 5.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. Accordingly, the Court **GRANTS** Plaintiff's application to proceed IFP.

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the complaint "fails to state a claim on which relief may be granted." "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In this case, Plaintiff offers few factual allegations. As far as the Court can discern, when Plaintiff attempted to receive money from his mother through Defendant Walmart Western Union, one of Defendant's employees requested Plaintiff's "ID and tracking number," which "he did not need [] from [Plaintiff's] possession." (Compl. 2.) The employee then "proceeded to type into the computer as unadvised by law." (*Id.*) Based on

these factual allegations, Plaintiff claims violations of the Privacy Act of 1974, "First Amendment defamation," slander, "seditious libel," and fraud. (*Id.* at 2–4.) Plaintiff requests a billion dollars in damages. (*Id.* at 4.)

The Privacy Act of 1974 governs the record-keeping practices of federal agencies. *See, e.g.*, 5 U.S.C. § 552a ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ."). The Defendant in this case is a private company, and nothing in the Complaint suggests any government involvement. Accordingly, the Privacy Act of 1974 does not apply to Defendant. *See Proctor v. Educ. Credit Mgmt. Corp.*, No. 2:07-CV-839, 2010 WL 3168079, at *4 (S.D. Ohio Aug. 10, 2010) ("Therefore 5 U.S.C. § 522a only applies if Wells Fargo or ECMC were government contractors used by a governmental agency to perform an agency function.").

Plaintiff's other claims are not supported by the allegations. Both defamation, which includes slander and libel, and fraud require a plaintiff to allege the falsity of the defendant's statements. *See Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (defamation); *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (fraud). The Complaint does not make clear what false statements, if any, Defendant made in this case.

Thus, the Complaint fails to state a claim upon which relief may be granted. The Court accordingly **DISMISSES WITHOUT PREJUDICE** the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's application to proceed IFP (ECF No. 3). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. The Court **GRANTS** Plaintiff leave to amend. If Plaintiff so chooses, he must file an amended complaint **on or before August 18, 2023**. In addition, the Court **DENIES AS MOOT** Plaintiff's motion to appoint counsel

(ECF No. 2). If Plaintiff chooses to file an amended complaint, he may refile his motion to appoint counsel.

**IT IS SO ORDERED.**

DATED: July 31, 2023

Hon. Cynthia Bashant
United States District Judge